Emma Freels, Appellee, v. Hugo Freels, Appellant.

Gen. No. 20,848.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN P.
MCGOORTY, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

## Statement of the Case.

Suit for divorce by Emma Freels against Hugo
Freels. The bill charged the defendant with cruelty
and adultery, and alleged that he was a man of large
means, with an income of $10,000 or $12,000 a year.
The defendant, by his sworn answer to the bill, denied
that he was guilty of the charges made against him,
and denied that he was possessed of as much property
as was stated in the bill of complaint. His answer
admitted ownership of real estate valued at $16,000,
exclusive of the incumbrances thereon, however. The
defendant also filed a cross-bill, accusing his wife of
adultery, and it was evident from the allegations of
the original bill, the answer thereto and the cross-bill,
that there was a very bitter quarrel between the two.
Upon a preliminary hearing as to the question of ali-
mony *pendente lite,* the Circuit Court ordered the de-
fendant to pay $6 a week until the further order of
the court, and $25 solicitor's fees. The defendant
failed to pay such allowance and a rule was entered to
show cause why he should not be punished for con-
tempt. At the hearing the defendant stated that he
had four commissions for sales of real estate, aggre-
gating $200, which would become due when the sales
were consummated, but that he had no money and had
borrowed $150 from his employer to meet expenses.
Upon a second hearing, it appeared that one of the
sales had been closed, but that his employer, instead of
paying over defendant's share of the commission, had
kept it to apply upon the loan above mentioned. The
court evidently thought that these facts indicated an

intention on the defendant's part to evade the order of the court, and again continued the hearing, with the statement that he must pay at least $25 on account of alimony, or he would be committed for contempt. When the next hearing came on, the defendant claimed that he had been unable to raise more than $10, which he offered to pay to the complainant. Thereupon the court adjudged him guilty of contempt of court and entered an order of commitment. This appeal followed.

T. F. MONAHAN, for appellant.

No appearance for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

CONTEMPT, § 70*—*when order of commitment is proper.* Evidence *held* to justify an order of commitment for failure to pay alimony, it appearing that the defendant could have raised the small amount involved and that the chancellor was lenient when he failed to comply with the court's order.

---

H. and A. Israelstam, trading as Grant Works Fair, Appellees, v. United States Casualty Company, Appellant.

## Gen. No. 20,862.

1. APPEAL AND ERROR, § 199*—*what is extent of jurisdiction of Appellate Court.* The Appellate Court has no authority to declare any act of the Legislature unconstitutional and void.

2. APPEAL AND ERROR, § 624*—*what cause not transferrable.* An appeal from a judgment entered in a fourth-class case in the Municipal Court cannot be transferred to the Supreme Court.

3. APPEAL AND ERROR, § 2*—*what is nature of right of appeal.* The right of appeal is strictly statutory and can only be prosecuted when and in the manner authorized by statute.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.